# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2750

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Missouri. |
| Oliver B. Mack, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: June 7, 2012
Filed: June 27, 2012

_____

Before BYE, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

After Oliver Mack pleaded guilty to distributing a mixture or substance containing cocaine base, the district court[1] sentenced him to 84 months in prison and 3 years of supervised release. On appeal, Mack's counsel has moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging Mack's sentence.

_____

[1] The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

The written plea agreement in this case contains an appeal waiver under which Mack waived the right to appeal his sentence except for claims of ineffective assistance of counsel, prosecutorial misconduct, or an illegal sentence. After careful review of the record, we will enforce the appeal waiver. The plea agreement and plea hearing transcript show that Mack entered into the plea agreement and the appeal waiver knowingly and voluntarily; the arguments raised falls within the scope of the waiver; and no miscarriage of justice would result from enforcing the waiver. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc).[2]

Having reviewed the record independently pursuant to Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues outside the scope of the appeal waiver. Accordingly, we dismiss the appeal based on the appeal waiver, and we grant counsel's motion to withdraw.

_____

[2]Counsel states in the Anders brief that Mack may believe that he received ineffective assistance, but we decline to address that issue in this direct criminal appeal. See United States v. McAdory, 501 F.3d 868, 872-73 (8th Cir. 2007).